# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-3452 PA (CWx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | Labinger/Pollock v. Wendy Horn, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Karen Park | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Defendant Wendy Horn ("Defendant") on April 22, 2011. (Docket No. 1.) No joinder has been filed by defendant Marcello Dominguez, who appears to be the only other defendant in the case. Plaintiff Labinger/Pollock's ("Plaintiff's") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action against both defendants for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of diversity jurisdiction.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

Here, Defendant does not make any allegations regarding the parties' citizenship. As such, the Court cannot determine whether it has diversity jurisdiction. Moreover, although Defendant makes the conclusory allegation that the amount in controversy exceeds $75,000, the caption of the Complaint clearly states that the "amount demanded does not exceed $10,000." (Notice of Removal, Ex. A.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3452 PA (CWx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | Labinger/Pollock v. Wendy Horn, et al. | | |

Because this is an unlawful detainer action, and the amount in controversy is determined by the amount of damages sought in the Complaint rather than the value of the real property at issue, there is no indication that this allegation regarding the amount in controversy should be disregarded. See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). Accordingly, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

  Moreover, Defendant Horn has not explained defendant Marcello Dominguez's failure to join in the Notice of Removal. All proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266. A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed in the state court is insufficient. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996). Here, Defendant does not mention Marcello Dominguez at all in the Notice of Removal. As such, it is unclear what, if any, efforts they have made to ascertain whether Dominguez has been served.

  For the reasons discussed above, Defendant has not met her burden to establish this Court's jurisdiction. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly, this Court remands this action to Los Angeles County Superior Court, Case No. 10U03460, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.